IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA MEDLEY, # R-14508, )
)
                Plaintiff, )
)
vs. ) Case No. 12-1177-GPM
)
SALVADORE GODINEZ, )
BRADLEY ROBERT, DR. SANTOS, )
WEXFORD HEALTH SOURCE, INC., )
MICHELLE DULLE, )
DR. SIDDIQUI, and MARK AARON, )
)
                Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 13, 2012, while he was an inmate in Danville Correctional Center ("Danville").  However, the events giving rise to his claims occurred during his incarceration in Centralia Correctional Center ("Centralia").

    Plaintiff asserts that Defendants were deliberately indifferent to his serious medical condition.  More specifically, Plaintiff claims that he suffered from severe, sharp stomach pains, constipation, and diarrhea, and sought treatment (Doc. 1, p. 7; Doc. 1-2, p. 10).  When he saw Defendant Dr. Santos, he complained that his symptoms got worse every time he would eat the prison food, which contained soy products.  Plaintiff requested Defendant Santos to put him on a non-soy diet, but Defendant Santos said he could not because "all they serve is soy" (Doc. 1, p. 8; Doc. 1-1, p. 1).  Instead, Defendant Santos prescribed Metamucil for two weeks.  Plaintiff was also given milk of magnesia.  Despite taking these medications, Plaintiff's symptoms continued.

Plaintiff insists that it is not true that prisoners cannot have a soy-free diet, as Defendant Santos claimed. Plaintiff had no alternative but to eat the soy diet because he could not afford to buy food from the commissary.

Plaintiff also complains that Defendant Santos refused to give him a "thyroid panel test" in December 2011 (Doc. 1, p. 9; Doc. 1-1, p. 2). In addition to the symptoms above, Plaintiff had experienced vomiting, dry skin, loss of consciousness, insomnia, fatigue, dizziness, depression, and anxiety, all of which he attributed to his consumption of soy in the prison diet (Doc. 1, pp. 10-11).

Plaintiff includes copies of his medical records from his time in Centralia. They disclose that he suffers from bipolar disorder, and had been taking several prescription medications during the time he complained of the above symptoms: Remeron, Risperdal, Trazodone, Inderol, and Cogentin (Doc. 1-2, pp. 8, 12, 16, 18; Doc. 1-3, pp. 1-2, 6).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal, because Plaintiff fails to state a § 1983 Eighth Amendment claim for deliberate indifference to a serious medical need. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

The above-described symptoms which led Plaintiff to request a soy-free diet and a thyroid test may be indicative of an objectively serious medical condition. However, the

subjective component of a deliberate indifference claim requires that a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Seventh Circuit's decisions following this standard for deliberate indifference in the denial of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Court of Appeals also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts."). Nor will an inmate's disagreement with a doctor's course of treatment state a constitutional claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("At best, [plaintiff] alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim under the deliberate indifference standard"); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

Here, the complaint acknowledges that Plaintiff received medical care for the constipation he reported in January and February 2011, when Defendant Santos prescribed milk of magnesia and Metamucil (Doc. 1-2, pp. 4, 6, 10). This does not suggest a knowing disregard of a serious risk of harm by Defendant Santos or any other medical provider, even if the treatment proved to be less than effective. Nor does Defendant Santos' refusal to prescribe a soy-free diet−based only on Plaintiff's speculation as to the cause of his symptoms−rise to the

level of deliberate indifference to a serious medical need. The same can be said of Defendant Santos's denial of Plaintiff's request for a thyroid panel test in December 2011, after examining Plaintiff and assessing his symptoms (Doc. 1-1, pp. 3, 5). The gist of Plaintiff's claim is that Defendant Santos failed to administer the treatment that Plaintiff himself had decided was best. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff believed that his symptoms were caused by the soy in the prison food, which has lately become a popular theme in prison litigation in Illinois. However, in light of Plaintiff's extensive medication regimen, as provided in the exhibits attached to Plaintiff's complaint, and Plaintiff's lack of medical expertise, he is in no position to diagnose the cause of his symptoms—much less does he allege deliberate indifference.

Based on the totality of these facts, Plaintiff fails to state a claim that Defendant Santos or any other medical provider[1] was deliberately indifferent to his medical condition by denying him a non-soy diet and thyroid testing. Moreover, those Defendants who are not medical professionals – Defendants Godinez (Director of the Illinois Department of Corrections), Robert (Centralia Warden), Dulle (social worker), and Aaron (social worker) – are entitled to rely on the medical judgment of the treating doctors. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical

---

[1] The only other medical provider Plaintiff names as a Defendant is Dr. Siddiqui, whom he also refers to as "Jane Doe" (Doc. 1, p. 11). However, his only allegation against this Defendant is that he discussed his complaints of depression, anxiety, insomnia and fatigue with her. This is not sufficient to state a claim for deliberate indifference.

staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, this action does not survive review under § 1915A.

**Filing Fee**

When this action was filed (originally in the Central District of Illinois), Plaintiff neither paid the $350 filing fee, nor did he file a motion for leave to proceed *in forma pauperis* ("IFP"). The Clerk of Court has advised him that he must either pay the fee in full, or file a motion to proceed IFP (which would allow him to pay the fee in installments), no later than January 4, 2013 (Doc. 8). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of the dismissal of this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Should Plaintiff fail to comply with his fee payment obligation, he may be barred from filing future actions in this Court.

Plaintiff's motion for appointment of counsel (Doc. 5) is denied as moot.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** January 4, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge